UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br><br>v.<br><br>DONEAR T. WIGGINS,<br><br>  Defendant. | Case No. 2:89-cr-00214-PMP-LRL-1<br><br>ORDER |

Before the Court[1] is Defendant Donear Tyronne Wiggins' motion to seal records relating to his 1989 conviction in this Court. (ECF No. 137 ("Motion").) The Court construes Mr. Wiggins' Motion as a request for expungement. In a motion for expungement, a defendant does not seek to nullify or cancel his conviction but instead seeks "the judicial editing of history," in which he "asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *U.S. v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (quotations omitted). The Ninth Circuit has recognized two sources of authority by which courts may expunge records of a criminal conviction: statutes and the court's inherent authority. *See id.* Mr. Wiggins does not cite any statute that would permit the expungement of his federal conviction, nor is this Court aware of one. Instead, Mr. Wiggins apparently relies on the Court's inherent authority.

But the Ninth Circuit has held that the Court cannot utilize its inherent authority to expunge for exclusively equitable reasons. *See United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). The Court's inherent authority can only be used appropriately in "extreme circumstances," *U.S. v. Smith*, 940 F.2d 395, 396 (9th Cir.

---

[1]As Judge Pro has retired, this motion came to me in my capacity as Chief Judge.

1991), and is "limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Sumner*, 226 F.3d at 1014. Mr. Wiggins does not assert that his arrest or conviction was unlawful, nor does he allege that a clerical error occurred. (ECF No. 137.) He simply makes a polite request to seal his conviction, without elaborating further. (*Id.*) As a result, the Court construes Mr. Wiggins' Motion as a request for expungement solely for equitable reasons. However, the Court does not have the authority to grant Mr. Wiggins the relief he is seeking.

It is therefore ordered that Defendant Donear T. Wiggins' motion to seal records (ECF No. 137) is denied.

DATED THIS 1st Day of December 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2